[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15604
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00053-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK L. HAYES,
a.k.a. D-Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Derrick Hayes appeals his sentence of 360 months of imprisonment, which

the district court imposed following his pleas of guilty to one count of conspiring to traffic minors to engage in commercial sexual activities by force or coercion, 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), 1594(c), and two counts of trafficking minors to engage in sex acts, *id.* §§ 2, 1591(a)(1), (a)(2), (b)(1), (b)(2), (c). Hayes argues that his sentence is substantively unreasonable. We affirm.

The district court did not abuse its discretion when it sentenced Hayes at the low end of his guideline range. Hayes profited from forcing two 14-year-old girls to engage in sexual activities to such an extent that one girl required treatment at a hospital. And Hayes controlled the minor victims by threatening to harm them and having them watch him physically abuse his female coconspirator. The district court reasonably determined that a sentence of 360 months, which is well below the statutory maximum of imprisonment for life, addressed the need "to protect the public" and to "deter future criminal history" and accounted for Hayes's "history and characteristics." *See* 18 U.S.C. § 3553(a). Hayes argues that there is an unwarranted disparity between his sentence and the lesser term given to a coconspirator, Manuel Walcott, *see id.* § 3553(a)(6), but as the district court stated, the two men were not "on the same playing field . . . with regard to the nature and circumstances of their offenses." *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). Hayes was the leader of the conspiracy, mistreated the minor victims, and amassed substantial criminal history points for crimes involving

2

firearms and crimes of violence, and was not similarly situated to Walcott, who had been apprehended during a sting operation and had a lower criminal history category. Hayes's sentence is reasonable.

We **AFFIRM** Hayes's sentence.